**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| GUY NEIGHBORS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 18-4013-SAC |
| | ) |
| LYNETTE R. BAKKER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

### **REPORT & RECOMMENDATIONS**

Plaintiff Guy Neighbors, proceeding *pro se* and *in forma pauperis*, has filed the above-captioned action against Defendants Lynette R. Bakker, the Kansas Bar Association, and the State of Kansas. Plaintiff has also attempted to assert identical counterclaims in *State of Kansas v. Neighbors*, 18-4007-DDC, which plaintiff has improperly removed to federal court.

When a plaintiff proceeds *in forma pauperis*, the court may review the complaint under 28 U.S.C. 1915(e)(2). That section authorizes the court to dismiss the case if the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."[1] In this case, the magistrate judge recommends the district judge dismiss this action without prejudice for failure to state a claim upon which relief may be granted and because plaintiff is seeking relief from some defendants who would be immune from such relief.

Fed. R. Civ. P. 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief."[2] When a complaint is so lengthy that it becomes confusing, or is

---

[1] 28 U.S.C. § 1915(e)(2)(B)(ii)–(iii).

[2] Fed. R. Civ. P. 8(a)(2).

confusing in general, it does not comply with Rule 8 and becomes subject to dismissal.[3] The court uses the Fed. R. Civ. P. 12(b)(6) motion-to-dismiss standard to determine whether dismissal under Section 1915(e)(2)(B)(ii) is appropriate.[4] The court liberally construes *pro se* parties' pleadings and will accept as true all well-pleaded facts, drawing all reasonable inferences in the plaintiff's favor.[5] However, the plaintiff still bears the burden of alleging sufficient facts upon which a recognized legal claim could be based. The court cannot assume the responsibility of serving as plaintiff's attorney in constructing arguments or scouring the record for a possible cause of action.[6] The plaintiff "must allege sufficient facts to state a claim which is plausible—rather than merely conceivable—on its face."[7] Dismissal is appropriate when the plaintiff cannot prevail on the facts alleged, and it would be futile to give the plaintiff an opportunity to amend.[8]

Plaintiff has used this district's form civil complaint for *pro se* litigants, and he has attached an additional 21-page document titled, "5.5 Million Dollar Claim for Discrimination, Harassment, Violation of the Administrative Procedures Act of 1946 and for Lack of Access to a Real Court of Record." Although somewhat difficult to follow, plaintiff's complaint alleges that the Kansas Attorney General's Office violated his constitutional rights by investigating and

---

[3] *Triplett v. U.S. Dep't of Defense*, No. 11-2105-SAC, 2011 WL 1113551, at *1-*2 (D. Kan. Mar. 24, 2011).

[4] *Washington v. Washington*, No. 14-1215-EFM-KGG, 2014 WL 4059788, at *3 (D. Kan. Aug. 15, 2015).

[5] *Id.* at *3.

[6] *Yarbury v. Martin, Pringle, Oliver, Wallace, & Bauer LLP*, No. 15-1171-MLB, 2015 WL 5032510, at *2 (D. Kan. Aug. 11, 2015) (quoting *Mays v. Wyandotte Cnty. Sheriff's Dep't*, 419 F. App'x 794, 796 (10th Cir. 2011)) (internal quotations omitted).

[7] *Id.* (quoting *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. 2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[8] *Phillips v. Layden*, No. 11-7011, 2011 WL 4867548, at *1 (10th Cir. Oct. 14, 2011) (internal quotation and citation omitted).

taking legal action against him and the paralegal service he operates. Although plaintiff's attachment sets forth factual allegations concerning the Attorney General's Office, it is virtually void of any specific factual actual allegations concerning the named defendants. The majority of the attachment contains conclusory statements such as, "This Nisi Prius Court is not a Common Law Court of Record whereby Neighbors is being trespassed upon by being tricked into a court that will Not provide Neighbors his Constitutional Rights."[9]

Plaintiff's form complaint indicates that plaintiff is asserting claims under 42 U.S.C. § 1983 for alleged violations of his Fourth, Fifth, Eighth, Ninth and Fourteenth Amendment rights.[10] It also references violations of the False Claims Act, 31 U.S.C. § 3729, *et seq.*, the U.S. Constitution's Contract Clause, and 28 U.S.C. § 2409a, which applies to real property in quiet title actions.[11] Additionally, plaintiff's attachment cites the Administrative Procedures Act, 5 U.S.C. § 551, *et seq.*, and the Uniform Commercial Code.[12]

To state a claim under § 1983, a plaintiff must allege that a person has deprived him of a federal right and that the person acted under the color of state law in doing so.[13] The complaint makes conclusory assertions that the Kansas Attorney General's Office enforced discriminatory and unconstitutional state policies and violated plaintiff's constitutional rights, but plaintiff pleads virtually no facts that would support these claims. Moreover, the State of Kansas likely

---

[9] 5.5 Million Dollar Claim for Discrimination, Harassment, Violation of the Administrative Procedures Act of 1946 and for Lack of Access to a Real Court of Record at 3, ECF No. 1-1.

[10] Compl. at 3, ECF No. 1.

[11] *Id.*

[12] 5.5 Million Dollar Claim for Discrimination, Harassment, Violation of the Administrative Procedures Act of 1946 and for Lack of Access to a Real Court of Record at 10, ECF No. 1-1.

[13] *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985).

enjoys Eleventh Amendment immunity under the present circumstances.[14] The Kansas Bar Association is also not a state actor, and it is not apparent that it acted under the color of state law. The complaint does not specify whether Lynette R. Bakker, an assistant attorney general, is being sued in her individual or official capacity. However, if plaintiff is asserting an official-capacity claim, it would also likely be barred by Eleventh Amendment immunity under these circumstances.[15] Additionally, Ms. Bakker is likely shielded by absolute prosecutorial immunity for actions stemming from the investigation and the KCPA action filed against plaintiff.[16]

Plaintiff's complaint also fails to state a claim under the False Claims Act (FCA). The Act provides for civil actions by the federal government to recover damages for false claims for payment. The *qui tam* provisions of the FCA authorize a private person, known as a relator, to initiate FCA actions for the benefit of the federal government and to share in any recoveries.[17] Plaintiff has failed to plead any facts supporting an FCA claim. Courts that have examined the issue have also concluded that a plaintiff proceeding *pro se* may not act as a relator.[18]

---

[14] *See Maley v. Kansas*, No. 08-3146-SAC, 2008 WL 2549012, at *1 (D. Kan. June 24, 2008) (explaining why the State of Kansas is not a proper party in a § 1983 action).

[15] *See id.* at *2 (D. Kan. 2013) (explaining that an official-capacity claim against the attorney general is the same as asserting a claim against the state).

[16] *See McCormick v. City of Lawrence, Kansas*, 253 F. Supp. 2d 1156, 1165 (D. Kan. 2003) (finding that absolute prosecutorial immunity bared a § 1983 suit against employees of the Kansas Attorney General's Office who undertook an investigation regarding plaintiff's alleged unauthorized practice of law and whether it violated the KCPA) .

[17] *See* 31 U.S.C. 3730(b).

[18] *See, e.g., United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 93-94 (2d Cir. 2008); *Timson v. Sampson*, 518 F.3d 870, 873–74 (11th Cir. 2008) (per curiam); *Stoner v. Santa Clara County Office of Educ.*, 502 F.3d 1116, 1126–28 (9th Cir. 2007); *United States ex rel. Lu v. Ou*, 368 F.3d 773, 775–76 (7th Cir. 2004); *United States v. Onan*, 190 F.2d 1, 6–7 (8th Cir. 1951).

The Administrative Procedures Act applies to administrative agencies of the federal government, not to a state-court action or investigation.[19] The remainder of the legal authority cited by plaintiff does not create a private right of action. For these reasons, the magistrate judge recommends the district judge dismiss this action because plaintiff's complaint fails to state a claim for which relief may be granted and because plaintiff is seeking monetary relief from defendants who are immune from such relief. Pursuant to 28 U.S.C.§ 636(b)(1) and Fed. R. Civ. P. 72, plaintiff shall have fourteen (14) days after service of a copy of this Report and Recommendation to file any written objections. A party must file any objections within the fourteen-day period if that party wants to have appellate review of the proposed findings of fact, conclusions of law, or recommended disposition. If no objections are timely filed, no appellate review will be allowed by any court.

**IT IS SO ORDERED.**

Dated March 12, 2018, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge

---

[19] *Black Dog Outfitters v. Idaho Outfitters and Guides Licensing Bd.*, 873 F. Supp. 2d 1290, 1299 (D. Idaho 2012) ("By its own terms, the ADP does not apply to state agencies.").